IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-CR-00238-RJC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| MILTON EARL ADAMS | ) | |
| | ) | |

**THIS MATTER** is before the Court on defendant's pro se motion challenging the extent of a sentence reduction under Federal Rule of Criminal Procedure 35(b). (Doc. No. 743).

The defendant claims the government breached an agreement to recommend a specific reduction greater than that specified in its motion, (Doc. No. 740), which the Court granted on June 6, 2016, (Doc. No. 742: Order). The defendant has not alleged any statutory basis for relief; however, a person in custody may move the Court to vacate a sentence imposed in violation of the Constitution or laws of the United States under 28 U.S.C. § 2255.

**IT IS, THEREFORE, ORDERED** that the defendant's motion, (Doc. No. 743), is denied without prejudice to be re-filed as a motion to vacate under § 2255 within the one-year limitation period.[1]

---

[1] Specifically, the Act provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

The Clerk of Court is directed to provide a copy of this Order with a § 2255 motion form to the defendant.

Signed: July 11, 2016

Robert J. Conrad, Jr.
United States District Judge

---

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.