IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-CR-00238-RJC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MILTON EARL ADAMS (9) | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioners' Consent Motion to Set Aside Forfeiture and Exonerate Property Bond. (Doc. No. 764).

The defendant was arrested in the Central District of California and released on appearance bond of $175,000. (Doc. No. 127-3 at 2). Terrance Thomas and Deborah Faye Meadows (Petitioners), secured $75,000 of that amount with real property owned by them. (Doc. No. 764-1: Affidavit of Surety). When the defendant failed to appear for entry of his guilty plea, the government sought forfeiture of the bond, (Doc. No. 432: Motion), which a magistrate judge granted, (Doc. No. 446: Order). The defendant was subsequently arrested on state charges and returned to this District, (Doc. No. 542: Executed Warrant), where he ultimately pled guilty and was sentenced, (Doc. No. 649: Judgment). The government has never sought enforcement of the forfeiture, but rather consents to the instant motion to set it aside, exonerate Petitioners, and release their bail. (Doc. No. 764: Motion at 3). However, a magistrate judge found that justice does not require setting aside the forfeiture and recommended that the motion be denied, (Doc. No. 766: Memorandum and Recommendation), to which Petitioners object, (Doc. No. 770).

In exercising discretion to set aside a forfeiture, courts consider the "expenses incurred by the Government and the appropriateness of the amount of the bond ... the willfulness of the defendant's breach of the bond's conditions, the participation of the bondsman in rearresting the

defendant, and the prejudice suffered by the Government." United States v. Mizani, 605 F.2d 739, 740 (4th Cir. 1979). Here, the defendant's breach of the bond's conditions was willful and resulted in additional criminal conduct. However, Mr. Thomas informed the United States Probation Office when he learned the defendant was in state custody. (Doc. No. 764-3: Affidavit at 2). The Government has not proffered any expenses incurred in locating the defendant, and its prosecution was not prejudiced by his several months as a fugitive. Accordingly, this Court finds that justice does not require forfeiture of all the bail in the circumstances of this case.

**IT IS, THEREFORE, ORDERED** that forfeiture of the portion of the bail secured by Petitioners is set aside, pursuant to Federal Rule of Criminal Procedure 46(f)(2).

**IT IS FURTHER ORDERED** that Petitioners are exonerated as sureties and the $75,000 bail secured by their property is released, pursuant to Rule 46(g).

The Clerk is directed to certify copies of this Order to counsel for Petitioners, the United States Attorney, the United States Marshals Service, the United States Probation Office, and the Clerk of Court for the Central District of California.

Signed: February 6, 2020

Robert J. Conrad, Jr.
United States District Judge