UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cr-00238-RJC

| USA | ) | |
| --- | --- | --- |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| MILTON EARL ADAMS (9) | ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. (Doc. No. 827).

The defendant is serving a lengthy sentence for his role in a conspiracy to distribute and possess with intent to distribute at least 1,000 kg of marijuana and a conspiracy to commit money laundering. (Doc. No. 649: Judgment at 1). According to the documents attached to the instant motion, the defendant was denied early placement on home confinement by the Bureau of Prisons (BOP) based on his "serious history of violence." (Doc. No. 827: Motion at 2). He states that he is "flabbergasted" that his juvenile records were considered in making that decision and asks that this Court intervene by granting him compassionate release. (Id. at 1).

Ordinarily, a court may not modify a sentence once it is imposed. 18 U.S.C. § 3582(c). Section § 3582(c)(1)(A)(i) provides an exception that allows a court to reduce a sentence, after consideration of the factors in § 3553(a), upon finding that "extraordinary and compelling reasons warrant such a reduction," and that "such a

reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section 1B1.13 of the Guidelines Manual contains the Commission's policy statement, promulgated under statutory authority to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t), USSG §1B1.13, comment. (backg'd). As the movant, the defendant bears the burden of proving his suitability for a § 3582 sentence reduction. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013). However, his disagreement about the BOP's determination of his dangerousness does not meet any of the criteria for relief in §1B1.13.

**IT IS, THEREFORE, ORDERED** that the defendant's motion, (Doc. No. 827), is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant and the United States Attorney.

Signed: August 6, 2020

Robert J. Conrad, Jr.
United States District Judge